UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOROTHY THOMPSON,
an individual,

       Plaintiff.                                Case No.:1:15-cv-21616-DPG

v.

CALIBER HOME LOANS, INC.,
f/k/a VERICREST FINANCIAL, INC.,
a foreign for-profit corporation, and
VERICREST OPPORTUNITY LOAN
TRUST 2011-NPL2, a statutory trust,

       Defendants.

_____/

**RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE JURY TRIAL DEMAND**

**COMES NOW**, Plaintiff, Dorothy Thompson (hereinafter, "Plaintiff"), by and through the

undersigned counsel, and hereby files this Response in Opposition to Defendant, Caliber Home

Loans, Inc., f/k/a Vericrest Financial, Inc. (hereinafter, "Caliber") and Defendant Vericrest

Opportunity Loan Trust 2011-NPL2 (hereinafter, "Vericrest") (hereinafter collectively,

"Defendants") Motion to Strike Jury Trial Demand.  In support thereof, Plaintiff further states as

follows:

**I.       INTRODUCTION AND BACKGROUND**

This action arose from Defendants' failure to comply with the Florida Consumer Collection

Practices Act ("FCCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Telephone

Consumer Protection Act ("TCPA").  Plaintiff's Complaint is premised upon Defendants' failure

to cease communications with Plaintiff—and instead proceeding to place hundreds of auto-dialed

telephone calls to Plaintiff's cellular telephone—after receiving notice of attorney representation

regarding the mortgage note via Plaintiff's counsel's notice of appearance in the mortgage foreclosure lawsuit filed in the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, referenced by case number 12-9229-CA-21 (hereinafter, "Foreclosure Lawsuit").

Defendants move to strike Plaintiff's jury trial demand on the grounds that Plaintiff waived her right to a jury trial in the subject mortgage.  Def. Mot. to Strike, Dkt. No. 22, pgs. 1-6. Defendants' entire argument focuses on the validity and enforceability of the jury trial waiver. Defendants, however, ultimately fail to address the most relevant issue: that Defendants lack standing to enforce the subject waiver.

II.     **MEMORANDUM OF LAW**

A.     **Defendants Cannot Invoke the Jury Trial Waiver Because they are Not Parties to the Mortgage**

The Seventh Amendment to the United States Constitution "provides that in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The Supreme Court has emphasized that courts must "scrutinize[] with the utmost care" any curtailment of the Seventh Amendment right to a jury trial. *Chauffeurs, Teamsters, & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990).  The right to a jury trial in federal courts is to be determined as a matter of federal law.  *Simler v. Conner*, 372 U.S. 221, 222 (1963).  The question of whether the right to a jury trial has been waived is governed by federal law.  *Ford v. Citizens and Southern Nat. Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991).  Further, this question of law is for the court to decide.  *Allyn v. Western United Life Assur. Co.*, 347 F. Supp. 2d 1246 (M.D. Fla. 2004).  The fundamental right of a jury trial should be "jealously guarded by the courts," and "courts must indulge every reasonable presumption against waiver." *Jacob v. City of New York*, 315 U.S. 752, 752 (1942) (recognizing

that the right to a jury trial is a "basic and fundamental feature of our system of federal jurisprudence"); *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937); *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995). Furthermore, the Eleventh Circuit has instructed that waivers of valid jury demands are not to be lightly inferred and "should be scrutinized with utmost care." *Haynes v. W.C. Caye Et Co., Inc.,* 52 F.3d 928, 930 (11th Cir. 1995).

While Defendants may be correct in their assertions that a party to a contract may waive his or her constitutional right to a jury trial—so long as the he or she knowingly, voluntarily, and intelligently waives such rights—Defendants arguments are without merit as neither Defendant is a party to the subject mortgage. Plaintiff simply did not knowingly and voluntarily waive her constitutional right to a jury trial against Defendants, and Plaintiff's constitutional right against such Defendants is not superseded by a waiver only the mortgagee may enforce. As the mortgage attached to Defendants' Motion as Exhibit "A" shows, on January 11, 2007, Plaintiff executed a mortgage in favor of Wilmington Finance Inc. Caliber, as a loan servicer, is not a party to the mortgage and cannot benefit from Wilmington Finance Inc.'s rights under the mortgage. Furthermore, Vericrest, as a successor in interest, is also not a party to the mortgage, and as the subject mortgage lacks any language binding the covenants and terms of the mortgage to any of the Lenders, successors, assigns, etc., Vericrest is likewise not entitled to Wilmington Finance Inc.'s rights under the mortgage.

This Court has faced this exact same issue in three cases, and each time held that the loan servicer was not entitled to enforce the jury trial waiver present in the plaintiffs' mortgages. More specifically, in *Omega v. Deutsche Bank Trust Co. Americas*, the Court denied the defendant loan servicer's Motion to Strike Jury Trial Demand in support of the plaintiffs' argument that "because the waiver is contractual, it can only be enforced by parties to the contract." 920 F. Supp. 2d

1298, 1300 (S.D. Fla. 2013).  In *Omega*, plaintiffs argued that Wells Fargo, as the loan servicer

of plaintiffs' mortgage, could not invoke the waiver—notably an identical waiver to the one at

issue in this case—because it was not a party to the mortgage contract.  *Id.*  The Court agreed,

stating that "[b]ecause the waiver is part of a contractual relationship between Plaintiffs and the

owner of the Note, and not between the plaintiffs and Wells Fargo, the Court finds that Wells

Fargo cannot enforce the waiver against the plaintiffs.  *Id.*

Similarly, and even more recently, in *Hamid v. Ocwen Loan Servicing, LLC*, the Court

also held that an otherwise valid jury trial waiver was unenforceable by the defendant loan

servicer because it was a non-party to the mortgage, and denied the defendant's Motion to Strike

Jury Trial Demand.  2014 WL 766659 (S.D. Fla. Feb. 26, 2014).  And finally, in *Williams v. Wells*

*Fargo Bank N.A.*, the Court did not enforce the waiver because, as is true in the instant case,

defendant Wells Fargo Bank was the servicer and not a party to the mortgage.  2011 WL 4901346

(S.D. Fla. Oct. 14, 2011).  The Court noted that:

> The jury waiver is contained in the mortgage contract, and thus was
> part of a contractual relationship. As noted earlier, Wells Fargo
> Bank indicates it may not be a party to the mortgage contract. In
> particular, Wells Fargo Bank suggests it may be the servicer of the
> mortgage and thus would be subject to the contract only under a
> possible agency theory. Thus, Wells Fargo Bank cannot invoke the
> jury waiver.

*Id.* (*citing Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1166 (9th Cir.1996)

(noting that "a jury waiver is a contractual right and generally may not be invoked by one who is

not a party to the contract"); *Hulsey v. West*, 966 F.2d 579, 581 (10th Cir.1992) (finding that "a

jury waiver provision in a contract affects only the rights of the parties to that contract")).

Florida courts have also come to the same conclusion in assessing the rights of non-parties

to a contract to invoke a jury trial waiver.  In *Cent. Inv. Associates, Inc. v. Leasing Serv. Corp.*, the

court held that parties who entered into a lease agreement as guarantors of the agreement were not parties to the lease itself, and therefore were not subject to the waiver provision of the lease. 362 So.2d 702, 704 (Fla. Dist. Ct. App. 1978). Similarly, various courts have reached the same conclusion even where a party is incorporated by reference into the contract containing the waiver. *See N. Charleston Joint Venture v. Kitchens of Island Fudge Shoppe, Inc.*, 416 S.E.2d 637, 638 (S.C. 1992) (noting that "although the guaranty was incorporated by reference . . . guarantors were not parties to the lease nor were they named in the waiver clause," and therefore holding that the guarantors had not waived their right to a jury trial); s*ee also Seaford Associates v. Hess Apparel, Inc.*, 1993 WL 258723 (Del. Super. 1993); *First Borough Corp. v. Wasserstein*, 137 N.Y.S.2d 40,41 (N.Y. App. 1954) (same); *Garsan Realty Corp. v. Kohler*, 282 N.Y.S. 822, 823 (N.Y. City Ct. 1935) (same); *Schmidt v. Wells Fargo Home Mortg.*, 2011 WL 1597658 (E.D. Va. Apr. 26, 2011) ("The notice-and-cure provisions in the deeds of trust bind the borrower and the lender, not the borrower and the loan servicer").

Here, like the defendants in *Omega*, *Hamid*, and *Williams*, Caliber, as the loan servicer, and Vericrest, as the current loan owner of the note, are both non-parties to the mortgage, but nonetheless seek to enforce the jury-trial waiver contained therein. Defendants, however, are not parties to the mortgage, and therefore are not entitled to the benefits of any provisions contained therein, including the jury trial waiver. As such, Defendants' Motion to Strike should be denied.

B.     **Plaintiff's Claims do not Fall within the Scope of the Waiver**

The fact that a dispute could not have arisen but for an agreement does not mean that the dispute necessarily "relates to" that agreement. *Int'l Underwriters AG v. Triple I: Int'l Investments, Inc.,* 533 F.3d 1342, 1347 (11th Cir. 2008).[1]   The phrase "related to" marks a boundary by

_____

1 Further, it is possible for disputes, such as the one Plaintiff alleges in this case, to arise absent a contractual relationship. *See e.g., Desmond v. Phillips & Cohen Associates, LTD*., 724 F.Supp.2d 562 (W.D. Pa. 2010) (involving

5

indicating some direct relationship. *Doe v. Princess Cruise Lines, Ltd.,* 657 F.3d 1204, 1218 (11th Cir. 2011). Requiring a direct relationship between the claim and the contract is necessary because, "[i]f 'relate to' were taken to extend to the furthest stretch of its indeterminacy, it would have no limiting purpose because really, universally, relations stop nowhere." *Id.* As a general matter, the entirety of Defendants' argument that the jury trial waiver applies to Plaintiff's claims focuses on the claims "relating to" the mortgage.

Plaintiff, however, alleges violations of the FCCPA and the TCPA, not arising from the *mortgage*, but rather arising from *Defendants' unlawful and harassing practices* in attempting to collect a consumer *note*. In fact, in the absence of the FCCPA and TCPA—not the mortgage— there would be no cause of action. *See Wagner v. Discover Bank*, 2014 WL 128372 (D. Colo. Jan. 13, 2014) (holding that plaintiff's TCPA claims were beyond the scope of the arbitration agreement because they "relate to the *manner* in which Discover attempted collection. Although the existence of a debt and the right to collect the debt would 'arise from' or 'relate to' the Account, the legality of the manner in which collection is pursued does not . . . Although the existence of the Account may have been a 'but for' cause of the alleged violations, that is not enough to establish that the claims "arise from" or "relate to" the Account or the parties' relationship resulting from the Account"); *see also St. Breux v. U.S. Bank, N.A.*, 919 F.Supp.2d 1371 (S.D. Fla. 2013) (denying the defendant's ability to invoke a notice and cure provision in the mortgage as grounds for dismissal or summary judgment because the "duty to disclose the name of the owner or master servicer is not a duty owed by reason of the mortgage. It is a duty owed by reason of TILA . . . In the absence of TILA, there would be no suit. The claim is not directly related to the mortgage, so

---

alleged FDCPA violations brought by a non-debtor); *see also, Campanale v. Capital One Services, LLC*,. No: 8-11-cv-2490-T35-EAJ at *4 (M.D. Fla. June 5, 2012) (unreported) (finding calls may potentially violate the FCCPA and TCPA when a defendant continues to attempt to collect form a non-debtor using an automatic telephone dialing system to call such non-debtor's cellular telephone without prior express consent).

the notice and cure provision does not apply"); *Sigwat v. U.S. Bank, N.A.*, 2014 WL 1322813 (D. HI. March 31, 2014) (finding a notice and cure provision inapplicable, noting that the "specific duties that Defendants allegedly violated are 'owed by reason of' Chapter 667, not the Mortgage").

Furthermore, two Middle District of Florida judges, in cases alleging violations of the Florida Consumer Collection Practices Act, recently found jury trial waivers in the plaintiffs' mortgages to be unenforceable and denied the defendants' motions to strike plaintiffs' jury trial demands. Specifically, in *Jones v. Bank of America, N.A.*, the court found that while defendant provided supporting case law to enforce a jury trial waiver, those cases failed to address the scope of the waiver, and that defendant "failed to present a cogent argument in favor of finding that the present consumer protection suit is subject to the jury trial waiver." 2012 U.S. Dist. LEXIS 104793 (M.D. Fla. July 27, 2012). Similarly, in *Dorn v. Bank of America, N.A.*, the court declined to enforce a jury trial waiver in a consumer protection action arising from unlawful debt collection practices when a jury waiver was contained in the underlying mortgage. In so holding, Judge Merryday noted that "Bank of America never establishes how this action 'relates to' the mortgage. (In fact, what can 'in any way related to' even coherently mean? Bank of America offers no answer)." 8:12-cv-00510-SDM-TGW, Doc. 24 (July 23, 2012).

Additional courts have also held that a consumer's action alleging unlawful debt collection, and an action on an underlying debt, do not *arise out of* the same aggregate set of operative facts. *See Whigum v. Heilig-Meyers Furniture Inc.*, 682 So. 2d 643 (Fla. 1st DCA 1996) (finding that an action to collect a consumer debt, and an action under a statute regulating consumer collection practices, were permissive counterclaims; they do not "*arise out of* the same aggregate set of operative facts . . . [as] the debtor's action under the statute is based on the commission of prohibited debt collection practices, and the creditor's action on the debt is based on the failure to

pay for consumer goods sold on credit") (emphasis added).  As Plaintiff's claims do not arise out of or relate to the mortgage, they are outside the scope of the waiver,[2] and therefore Defendants' Motion to Strike Jury Trial Demand should be denied.

### C.     Plaintiff's Request for an Advisory Jury

In the alternative, Plaintiff respectfully requests that Court try this case with an advisory jury.  Federal Rule of Civil Procedure 39(c) provides that in an action not triable of right by a jury, the court, on motion or on its own, may try any issue with an advisory jury.  See Fed. R. Civ. P. 39(c).  This is common procedure in cases where some claims are triable to a jury and others are not, and Plaintiffs respectfully submit that this would be the most judicious approach even if Vericrest is entitled to enforce the waiver.  In *Omega*, this Court found that while defendant Wells Fargo was not entitled to enforce the waiver as servicer, defendant Deutsche Bank, as owner and successor in interest of the note—which included that "the covenants and agreements of this Security Instrument shall bind . . . and benefit the successors and assigns of Lender"—was able to invoke the jury trial waiver.  The Court granted the motion to strike as to defendant Deutsche Bank, however, the Court also granted plaintiff's request that the claim against Deutsche Bank be tried with an advisory jury.  920 F. Supp. at 1300.  The Court ruled that the "claims will be tried together. The jury will provide a binding verdict as to the claims against Wells Fargo, and will advise the Court as to the claim against Deutsche Bank."  *Id.*

---

[2]Notably, the cases Defendants cite also predominantly deal with defendants who were either a party or the actual owner of the mortgage, and therefore the relevant applicability and scope issues that are present here were not before the court in any of those cases. Insofar as any of the cases referenced in Defendants' motion include defendants who, like the Defendants here, were loan servicers and were allowed to enforce a jury trial waiver, they remain inapplicable because the question of the rights of a non-party to a contract were not before the court in each of those cases, as plaintiffs in those cases did not raise the argument. *See Omega,* 920 F. Supp. 2d at 1300 (noting that while defendant cited case law in which loan servicers were allowed to enforce a waiver, the plaintiffs in those cases challenged only the issue of "knowing and voluntary" and whether the suit was "related to the Note," therefore the cases did not deal with the rights of non-parties to a contract, and holding that defendant could not enforce the jury trial waiver).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order denying Defendants' Motion to Strike Plaintiff's Jury Trial Demand and for such other relief as is just and proper.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 0093088**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Response in Opposition to Defendants' Motion to Strike Jury Trial Demand* has been filed electronically with the Clerk of the Court via the CM/ECF system, and a copy of the same has been furnished electronically this 17th day of August 2015 to:

Mr. Adam P. Harley, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
200 South Orange Avenue
Orlando, FL 32802-1549
ahartley@bakerdonelson.com
tzasada@bakerdonelson.com
klangley@bakerdonelson.com
*Attorneys for Defendants*

/s/ *Aaron M. Swift*
Attorney

9