UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOROTHY THOMPSON,
an individual                              Case No.: 1:15-CV-21616-GAYLES

      Plaintiff,

v.

CALIBER HOME LOANS, INC., f/k/a
VERICREST FINANCIAL, INC., a
foreign for-profit corporation, and
VERICREST OPPORTUNITY LOAN
TRUST 2011-NPL2,

      Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE IN OPPOSITION TO MOTION TO STRIKE JURY TRIAL DEMAND**

      Defendant Caliber Home Loans, Inc., f/k/a Vericrest Financial, Inc. ("**Caliber**"), and Vericrest Opportunity Loan Trust 2011-NPL2[1] ("Vericrest"; Caliber and Vericrest are collectively referred to as "Defendants"), pursuant to Southern District of Florida Local Rule 7.1(c), file this Reply to Plaintiff Dorothy Thompson's ("Plaintiff") Response in Opposition (Doc. 24, "Response") to Defendants' Motion to Strike Plaintiff's Jury Trial Demand with Incorporated Memorandum of Law (Doc. 22, "Motion to Strike"), and in support, states as follows.

**I.   INTRODUCTION**

      Defendants moved to strike the jury demand of Plaintiff, as she is not entitled to a jury trial against Defendants because she waived that right in paragraph 25 of the subject mortgage

---

[1] Plaintiff improperly omitted the trustee to the trust, i.e. U.S. Bank Trust, N.A., as a party defendant, and merely named the trust.

1

("Mortgage"; Doc 22-1). Despite the clear, readable, and conspicuously labeled language of the jury waiver, Plaintiff attempts to circumvent that waiver by demanding a jury trial in her Complaint. Defendants clearly have standing to enforce the jury trial waiver contained in the Mortgage, and Plaintiff's claims fall within the scope of that waiver. As a result, this Court should grant Defendants' Motion to Strike.

## II.   MEMORANDUM OF LAW

### A.   Defendants Have Standing to Invoke the Jury Trial Waiver in the Mortgage

Initially, Plaintiff argues that Defendant Vericrest, as a successor in interest to Wilmington Finance, Inc. ("Wilmington"), the original mortgagee, is not a party to the Mortgage, and thus, since the Mortgage lacks any language binding the convents and terms of the Mortgage to any of the lenders, successors, assigns., etc., Vericrest is not entitled to Wilmington's rights under the Mortgage. (Doc. 24, p. 3). Plaintiff fails to accurately represent the terms of the Mortgage, which provides that "[t]he covenants and agreements of this Security Instrument [i.e. the Mortgage] shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." (Doc. 22-1, ¶ 13). The jury trial waiver is contained in paragraph 25 of the Mortgage. (Doc. 22-1, ¶ 25). Vericrest, a successor and assign of the original lender, i.e. Wilmington, is benefited by the covenants and agreements of the Mortgage, including Plaintiff's jury trial waiver. *See Hancock v. Deutsche Bank Nat'l Trust Co. as Trustee, on Behalf of the Certificate Holders of GS Mortg. Securities Corp., 2004–HE2 Mortg. Pass–Through*, 2006 WL 6319816 (M.D.Fla. 2006)(finding that assignees of the original lender could enforce a jury trial waiver). As a result, Vericrest clearly has standing to enforce the jury trial waiver contained in the Mortgage.

O TXM 731831 v1
2919765-000067

As to Defendant Caliber, Plaintiff relies upon Southern District cases where the court denied a loan servicer the benefit of a jury trial waiver in the subject mortgage. Those decisions depart from long-standing agency and equitable estoppel principles and 11th Circuit and Supreme Court case law upholding the rights of a non-party to enforce a contractual provision, particularly in the analogous arbitration context.[2]

As an initial matter, the United States Supreme Court has clarified that state law governs the issue of a whether a contract provision can be enforced by a nonparty. *Arthur Andersen LLP v. Carlisle,* 556 U.S. 624, 631 (2009). Recognizing the various applicable state law principles, including assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theory, waiver and estoppel, the Court deemed erroneous the Sixth Circuit's holding that "nonparties to a contract are categorically barred" from relief under the Federal Arbitration Act. *Id*. The 11th Circuit has recognized *Carlisle*'s requirement that state law inform this issue, holding:

> The scope, validity, and enforceability of arbitration agreements, including the right of non-signatories to compel arbitration, is governed by state contract law . . . . . Florida courts have recognized that a non-signatory may compel arbitration by a signatory to an arbitration agreement when each of the signatory's claims against a non-signatory make reference to or presume the existence of a written agreement. In other words, if a party relies on the terms of a written agreement in asserting the party's claims, that party is equitably estopped from then seeking to avoid an arbitration clause within the agreement.

*Physician Consortium Servs., LLC v. Molina Healthcare, Inc.*, 414 F. App'x 240, 242 (11th Cir. 2011) (footnote and citations omitted).

---

[2] Arbitration cases are highly relevant in the jury waiver context considering that the "loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate[.]" *Snowden v. CheckPoint Check Cashing,* 290 F.3d 631, 638 (4th Cir. 2002). Like with any other contractual provision, enforcement by a nonparty is subject to traditional agency and contract principles. *See Tracinda Corp v. DiamlerChrysler AG,* 502 F.3d 212, 223 (3d Cir. 2007).

In Florida, non-signatory agents may enforce a valid jury waiver or arbitration agreement entered into by the principal. *See, e.g., Kinney v. Countrywide Home Loans Servicing, L.P.*, 165 So. 3d 691, 694 (Fla. 4th DCA 2015)(enforcing a jury trial waiver at the request of a non-signatory because the party seeking enforcement was the holder of the note and mortgage by virtue of an endorsement); *Roman v. Atlantic Coast Const. and Dev., Inc.*, 44 So. 3d 222, 224 (Fla. 4th DCA 2010)(a nonsignatory agent can enforce an arbitration agreement against a signatory under certain circumstances); *Revelex Corp. v. World Travel Holdings, Inc.,* 2007 WL 1296457, at *5 (S.D.Fla. 2007)(a nonsignatory may compel arbitration against a signatory based on certain agency and related principles).[3]  A non-party's invocation of a jury waiver or arbitration agreement is that much stronger when the contract language is broad.  Typically, the phrase "arising out of or related to" is construed to have the broadest possible meaning, and includes non-signatories under certain circumstances. *Armas v. Prudential Sec., Inc.*, 842 So. 2d 210, 211-212 (Fla. 3d DCA 2003); *Cuningham Hamilton Quiter, P.A. v. B.L. of Miami, Inc.,* 776 So. 2d 940, 942-43 (Fla. 3d DCA 2000). The language in the Plaintiff's Mortgage is as broad, if not more so, than the language considered by the above courts: the jury waiver here applies to claims "arising out of or in ***any way*** related to" the Mortgage or the note.  Plaintiff's claims arise out of and/or are related to the Mortgage, as her claims arise out of the servicing relationship created by those very documents.  The language in the jury waiver is certainly broad enough to cover Plaintiff's lawsuit against Defendants.

Additionally, non-signatories are also entitled to enforce a contractual provision under the doctrine of equitable estoppel. "Equitable estoppel is . . . warranted when each of the signatory's

---

[3] Although state law governs the issue, federal cases are still instructive given that Florida cases follows earlier 11th Circuit opinions. *See e.g.*, *Armas v. Prudential Sec., Inc*., 842 So. 2d 210, 212 (Fla. 3d DCA 2003)(citing *MS Dealer Service Corp. v. Franklin*, 177 F.3d 942 (11th Cir.1999), abrogated in part by *Carlisle*).  It's circular but accurate.

claims against a non-signatory make reference to or presume the existence of a written agreement." *Armas*, 842 So. 2d at 212.  This exact issue was addressed in the arbitration context in *Blinco v. Green Tree Servicing LLC,* 400 F.3d 1308 (11th Cir. 2005), *abrogated on other grounds by Carlisle*, 556 U.S. 624 (2009).  The 11th Circuit held that the mortgage servicer was permitted to invoke the arbitration clause contained in a promissory note to which it was not a signatory because the borrower's claims derived from a relationship that resulted from the note, and the arbitration clause was "sufficiently broad to allow non-signatories to invoke the clause[.]" *Id*. at 1311-12.  The same can be said of the broad language in Plaintiff's Mortgage, Plaintiff's and Defendants' relationship resulting from that Mortgage, and the claims in the Complaint deriving from the existence of that relationship.

Plaintiff asserts that this Court should follow three distinguishable Southern District cases: *Hamid v. Ocwen Loan Servicing, LLC,* 2014 WL 766659 (S.D.Fla. 2014); *Williams v. Wells Fargo Bank N.A.*, 2011 WL 4901346, at *13 (S.D.Fla. 2011); and *Omega v. Deutsche Bank Trust Co. Americas*, 920 F.Supp.2d 1298 (S.D.Fla. 2013).  Of course, the doctrine of stare decisis "does not compel one district court judge to follow the decision of another." *State Farm Mut. Auto. Ins. Co. v. Bates*, 542 F. Supp. 807, 816 (N.D.Ga. 1982). "Even where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior resolution of those claims does not bar reconsideration by this Court of similar contentions." *Threadgill v. Armstrong World Indus., Inc*., 928 F.2d 1366, 1371 (3d Cir. 1991)(internal quotation omitted).  This Court may rule as it sees fit in compliance with 11th Circuit and Supreme Court precedent.

Plaintiff's cases are non-persuasive.  The most recent of the three cases, *Hamid v. Ocwen Loan Servicing, LLC*, includes a citation to the *Williams* and *Omega* orders with no

5

accompanying analysis. *See Hamid,* 2014 WL 766659 at *1. The *Williams* and *Omega* decisions do not reference or cite 11th Circuit or Supreme Court case law on the "non-signatory" issue, and contain no analysis of agency and estoppel principles. Rather, *Williams* and *Omega* both hold that a jury waiver in a mortgage is part of a contractual agreement between those parties, it can only be enforced by a party to that contract, and therefore a non-signatory mortgage servicer cannot invoke the provision. *See Williams*, 2011 WL 4901346, at * 13; *Omega*, 920 F.Supp.2d at 1300. Respectfully, looking exclusively at the signature block of a contract is not the end of the analysis (as was recognized by the Supreme Court in *Carlisle*).

All three Southern District orders on which Plaintiff relies cite one or both of *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.,* 96 F.3d 1151 (9th Cir. 1996) and *Hulsey v. West,* 966 F.2d 579 (10th Cir. 1992). Both *Hulsey* and *Paracor* do not stand for the proposition that a servicer may *never* invoke a jury waiver. Each decision acknowledges that "generally" a contractual right may only be invoked by a party to the contract; the term "generally" of course implying that there are exceptions to the rule. *Paracor*, 96 F.3d at 1165-66; *Hulsey,* 966 F.2d at 581. That is certainly the case here:

> A rule of contract law is that one who is not a party to an agreement cannot enforce its terms against one who is a party. ... Most legal rules have exceptions, however, and this rule is no exception to the rule of exceptions. In *Arthur Andersen LLP v. Carlisle*, the Supreme Court noted that a nonparty to a contract may have the legal right to enforce its provisions "through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel." (quotation marks omitted). 556 U.S. 624, 129 S.Ct. 1896, at 1902, 173 L.Ed.2d 832 (2009).

*Lawson v. Life of the South Ins. Co.,* 648 F. 3d 1166, 1167-68 (11th Cir. 2011).

Moreover, as the Third Circuit found when confronted with *Paracor* and *Hulsey,* those two cases are unpersuasive where a non-signatory ***agent*** of a signatory principal seeks to enforce a jury waiver ***against a signatory*** to that contract signed by its principal:

6

> In *Paracor,* the Court of Appeals for the Ninth Circuit did not allow a nonsignatory third-party financier and its CEO to invoke a jury waiver provision in a purchase agreement ***where they were not agents of the contracting party***. 96 F.3d at 1166. Clearly *Paracor* is distinguishable from . . . the instant action, where the non-signatories *were* agents of the signatory principals. In *Hulsey* . . . the Court of Appeals for the Tenth Circuit . . . did not allow ***the signatory*** to enforce the waiver provision ***against the resistant nonsignatory*** who was being sued in his personal capacity. Therefore, *Hulsey* is also distinguishable.

*Tracinda,* 502 F.3d at 225 (emphasis added).

In other words, the Third Circuit distinguished *Paracor* based on the fact that *Paracor* involved a non-agent trying to enforce a contract to which it was not a party; and *Hulsey* on the grounds that it was the signatory who, impermissibly, sought to bind a non-signatory to a contract's jury waiver. These are important distinctions. Defendant Caliber is, unquestionably, an agent of the signatory. *See Vargas v. Deutsche Bank Nat'l Trust Co.*, 104 So. 3d 1156, 1166 (Fla. 3d DCA 2012)(recognizing loan servicer's status as agent for the note-holder); *Branch Banking and Trust Co. v. U.S. Bank Nat'l Ass'n*, 2008 WL 4186982, at * 1 (S.D.Fla. 2008) (recognizing agent status of loan servicer). Additionally, courts may very well be reluctant to enforce a clause against a non-signatory who seeks to avoid it, as was the case in *Hulsey*, but are much more willing to estop a *signatory* from avoiding a contractual clause to which he or she assented. *See E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 202 (3d Cir. 2001). For the forgoing reasons, *Hamid, Williams, Omega, Paracor*, and *Hulsey* are non-binding, factually distinguishable, or otherwise unpersuasive.[4]

---

[4] Similarly distinguishable is *Cent. Inv. Assoc., Inc. v. Leasing Service Corp.*, 362 So. 2d 702 (Fla. 3d DCA 1978), which found that a provision of the lease where the lessee and lessor waived their right to a jury trial, did not preclude the guarantors of the lease agreement, who were not parties to the lease itself, from receiving a jury trial in an action by the lessor to recover a deficiency. *Cent. Inv. Assoc., Inc.* involved a non-signatory seeking to avoid a jury trial waiver clause, and thus, is inapplicable to the present action wherein Plaintiff, a signatory seeks to avoid the jury trial waiver clause to which she assented. *See E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 202 (3d Cir. 2001).

Thus, this Court should apply universally recognized agency and estoppel principles and grant Defendants' Motion to Strike Plaintiff's jury trial demand.

### B. Plaintiff's Claims Fall within the Scope of the Jury Trial Waiver

As explained in detail in Defendants' Motion to Strike, Plaintiff's claims for alleged violations of the Telephone Consumer Protection Act ("TCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Fair Debt Collection Practices Act ("FDCPA"), clearly fall within the jury trial waiver in the Mortgage, and case law supports this conclusion.

Plaintiff asserts that she alleges violations of the FCCPA and TCPA, not arising from the Mortgage, but rather, arising from Defendants' alleged unlawful and harassing practices in attempting to collect on the note. (Doc. 24, p. 6). Plaintiff's Complaint contradicts this assertion as she alleges that "Defendants attempted to collect a debt, specifically a defaulted consumer ***mortgage loan secured by homestead real property*** . . . ." (Doc. 1, ¶ 8)(emphasis added). Further, Plaintiff attaches to the Complaint copies of the assignments of Mortgage to illustrate the assignment of the mortgage debt to Defendant Vericrest, and asserts that the basis for Defendants knowing that Plaintiff was represented by counsel was a notice of appearance filed in the subject mortgage foreclosure action. (Doc. 1, ¶¶ 25-27).

Further, Plaintiff's Middle District cases involving violations of the FCCPA are inapplicable. In *Jones v. Bank of America, N.A.*, 2012 WL 3065381 (M.D.Fla. 2012) and in *Dorn v. Bank of America, N.A.*, 8:12-cv-510-T-23TGW (M.D.Fla. July 23, 2012), the court found that Bank of America never established how the action "relates to" the mortgage. Here, Defendants have provided case law and argument in their Motion to Strike to support the conclusion that this action clearly relates to the Mortgage. In fact, Defendants cited to *Newton v. Wells Fargo Bank, N.A.*, 2013 WL 5854520 (M.D.Fla. 2013) in their Motion to Strike, wherein

8

the court disagreed with the plaintiff's suggestion that it should adopt the holdings of *Dorn* and *Jones*, finding that it was satisfied that the defendant made a sufficient showing and that the plaintiff's TCPA claims were sufficiently related to the mortgage. *See Newton v. Wells Fargo Bank, N.A.*, 2013 WL 5854520, *2 f.n.1 (M.D.Fla. 2013). Thus, Plaintiff's claims unmistakably fall within the scope of the jury trial waiver in the Mortgage.

### C. Plaintiff's Request for an Advisory Jury Should be Denied

Finally, Defendants object to Plaintiff's request for an advisory jury, as it may lead to inconsistent verdicts, as Plaintiff's Complaint alleges the same allegations and actions against both Defendants. Further, an advisory jury would lead to an unnecessary expenditure of the Court's resources, as the Court is able to satisfactorily address Plaintiff's claims in a bench trial without an advisory jury. Plaintiff asserts that the Court should grant her request for an advisory jury citing to *Omega v. Deutsche Bank Trust Co. Americas*, 920 F.Supp.2d 1298 (S.D.Fla. 2013). However, *Omega* involved a claim for a violation of the Truth in Lending Act (for alleged failure to provide the name, address, or telephone number of the individual who owns the promissory note), not for alleged debt collection violations involving the servicing of the loan, under the TCPA, FCCPA, and the FDCPA, and therefore is distinguishable. Regardless, Plaintiff clearly waived her right to a jury trial in this action against both Defendants, and case law supports this conclusion. Thus, this Court should deny Plaintiff's request for an advisory jury.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Strike Jury Trial Demand, thereby striking Plaintiff's demand for jury trial in her Complaint, as well as granting any such further relief that this Court deems necessary and just.

O TXM 731831 v1
2919765-000067

Dated: August 24, 2015.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
SunTrust Center
200 South Orange Ave.
PO Box 1549
Orlando, FL  32802-1549
Telephone:  (407) 422-6600
Facsimile:  (407) 841-0325
*Counsel for Defendants*

By: /s/ Adam P. Hartley
    Adam P. Hartley
    Florida Bar No.: 52211
    Taraneh M. Zasada
    Florida Bar No.: 59246
    *ahartley@bakerdonelson.com*
    *tzasada@bakerdonelson.com*
    *mjett@bakerdonelson.com*
    *OLS-eService@bakerdonelson.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 24, 2015, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will notify the following participants:

Ian R. Leavengood, Esq.
Aaron M. Swift, Esq.
LeavenLaw
Northeast Professional Center
3900 First St., North
Suite 100
St. Petersburg, FL 33703
*consumerservice@leavenlaw.com*
*aswift@leavenlaw.com*
*Attorneys for Plaintiff*

/s/ Adam P. Hartley
Adam P. Hartley

10

O TXM 731831 v1
2919765-000067