UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOROTHY THOMPSON,
        Plaintiff,

v.

CALIBER HOME LOANS, INC. f/k/a
VERICREST FINANCIAL, INC. and
VERICREST OPPORTUNITY LOAN
TRUST 2011-NPL2,
        Defendants.
                                           /

Case No. 15-21616-CIV-GAYLES

## ORDER

**THIS CAUSE** comes before the Court on the Defendants Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. ("Caliber"), and Vericrest Opportunity Loan Trust 2011-NPL2's ("Vericrest") Motion to Strike Plaintiff's Jury Trial Demand [ECF No. 22]. For the reasons that follow, the motion shall be granted as to Defendant Vericrest and denied as to Defendant Caliber.

**I.  BACKGROUND**

On January 11, 2007, the Plaintiff Dorothy Thompson executed a note and mortgage for $170,400.00 with Wilmington Finance, Inc. ("Wilmington"), on a property located at 3111 Northwest 158th Street, Opa Locka, Florida 33054 (the "Mortgage"). *See* Defs.' Mot. Ex. A. Paragraph 25 of the Mortgage, titled "Jury Trial Waiver" states:

> The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

*Id.* ¶ 25. In December 2010, Thompson became delinquent on the debt. Compl. ¶ 20. After that time, she alleges that the Defendants (Vericrest, the current holder of the Mortgage, and Caliber, the loan servicer for the Mortgage) engaged in illegal debt collection practices in violation of the

1

Florida Consumer Collection Practices Act ("FCCPA"), the federal Fair Debt Collection Practices Act ("FDCPA"), and the Telephone Consumer Protection Act ("TCPA"). In her Complaint, Thompson demands a trial by jury.

In the instant motion to strike the Plaintiff's jury trial demand, the Defendants argue that Thompson waived her right to a jury trial right in Paragraph 25 of the Mortgage, a valid and enforceable provision. In her opposition, Thompson contends that the Defendants lack standing to enforce the waiver and that the waiver does not extend to her claims.

## II.     DISCUSSION

"A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006) (citing *Brookhart v. Janis*, 384 U.S. 1, 4-5 (1966)). "In making this assessment, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Id.* at 823-24. Thompson does not dispute that she knowingly and voluntarily waived the right to jury trial when signing the Mortgage, and, therefore, that the waiver is valid and in effect.

### A.     *Standing to Invoke the Jury Trial Waiver*

Rather, Thompson's first challenge to the jury trial waiver is that the Defendants (who were not original parties to the Mortgage) do not have standing to invoke the waiver. "[A] jury waiver is a contractual right and generally may not be invoked by one who is not a party to the contract." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1166 (9th Cir. 1996); *see also Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992) ("[A] jury waiver provision in a contract affects only the right of the parties to that contract."). As a result, before reaching an analysis of the scope of the jury trial waiver and whether it applies to the claims at issue in this case, the

Court must first determine whether Caliber, the loan servicer, and Vericrest, the current holder, have standing to invoke the jury waiver.

 1. **Caliber**

As to Caliber, Thompson contends that because Caliber (1) is the loan servicer, (2) was not party to the mortgage, and (3) cannot benefit from Wilmington's rights under the mortgage, it is not entitled to enforce the jury trial waiver. *See* Pl.'s Opp'n at 3-5. In support, she cites three cases in which other judges in this District each denied a loan servicer's motion to strike a jury trial demand. *See Hamid v. Ocwen Loan Servicing, LLC*, No. 13-62821, 2014 WL 766659 (S.D. Fla. Feb. 26, 2014); *Omega v. Deutsche Bank Trust Co. Ams.*, 920 F. Supp. 2d 1298 (S.D. Fla. 2013); *Williams v. Wells Fargo Bank N.A.*, No. 11-21233, 2011 WL 4901346 (S.D. Fla. Oct. 14, 2011).

In these cases, the defendants were loan servicers and were not party to the mortgages in question between the plaintiffs and their lenders. Each of the defendant loan servicers moved to strike their respective plaintiffs' demand for a jury trial. In *Williams*, Judge Altonaga denied the motion, finding that "[t]he jury waiver is contained in the mortgage contract, and thus was part of a contractual relationship." 2011 WL 4901346, at *13. The loan servicer was not permitted to enforce the jury trial waiver against the plaintiffs because it was not a party to the contract. *See id.* (citing *Paracor Finance*, 96 F.3d at 1166). In *Omega*, Judge Cohn applied the reasoning from *Williams* to a case with the same factual background—a nonparty to the mortgage seeking to enforce a jury trial waiver contained therein—to bar the servicer from enforcing the waiver. 920 F. Supp. 2d at 1300. In *Hamid*, Judge Zloch followed both *Williams* and *Omega* in denying the nonparty servicer's motion. *See* 2014 WL 766659, at *1. Thompson urges the Court to follow these cases in this instance, as the factual situations are similar.

In their reply, the Defendants argue that the Court should disregard *Williams*, *Omega*, and *Hamid* and find, based on other nonbinding authority, that Caliber, as a nonparty to the mort-

3

gage, does in fact have standing to invoke the jury trial waiver. *See* Defs.' Reply at 2-8. The Court has reviewed and considered the cases the Defendants cited and ultimately concludes that, in the absence of binding precedent from the Eleventh Circuit to the contrary, it will agree with and follow the well-reasoned opinions by the other judges of this District who have been faced with the same factual circumstances and have decided to preclude a nonparty loan servicer from enforcing a jury trial waiver contained within a mortgage. The Court finds that Caliber does not have standing to invoke the jury trial waiver because it was not a party to the mortgage contract. Therefore, Thompson is entitled to a trial by jury on all claims against Caliber. Accordingly, the motion to strike the jury trial demand is denied as to Caliber.

### 2. Vericrest

Turning to Vericrest, as noted by the Defendants, Paragraph 13 of the Mortgage provides that "[t]he covenants and agreements of this [Mortgage] shall bind (except as provided in [Paragraph] 20) and benefit the successors and assigns of Lender." Defs'. Mot. Ex. A ¶ 13. Thompson does not dispute that Vericrest is a successor and assign of Wilmington, the original lender. Vericrest thus is benefited by the covenants and agreements of the Mortgage, which includes the jury trial waiver in Paragraph 25. Nothing in Paragraph 20 prevents the waiver from applying. The Court therefore concludes that Vericrest has standing to invoke the jury trial waiver. *See Hancock v. Deutsche Bank Nat'l Trust Co.*, No. 06-1724, 2006 WL 6319816, at *2 (M.D. Fla. Oct. 24, 2006).

### B. *Scope of the Jury Trial Waiver*

Thompson's second challenge to the waiver is that her claims alleging violations of the TCPA, the FCCPA, and the FDCPA do not fall within the waiver's scope because they do not arise out of and are not related to the Mortgage. "To determine if a claim falls within the scope of a clause, [a court must] look to the language of the clause." *Bah. Sales Assoc., LLC v. Byers*, 701

4

F.3d 1335, 1340 (11th Cir. 2012). The Eleventh Circuit has explained that a claim "relates to" a contract when "the dispute occurs as a fairly direct result of the performance of contractual duties" and "[r]equires a direct relationship between the claim and the contract." *Id.* at 1340-41 (quoting *Telecom Italia, SPA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001)) (internal quotation marks omitted).

The Court finds two cases from the Middle District of Florida, cited by the Defendants, instructive in deciding this issue. First, in *Levinson v. Green Tree Servicing, LLC*, No. 14-2120, 2015 WL 1912276 (M.D. Fla. Apr. 27, 2015), the plaintiff brought FDCPA and FCCPA claims against a servicer that had had the plaintiff's mortgage loan transferred to them by the original lender. The text of the jury trial waiver was identical to the waiver in Thompson's Mortgage. The plaintiffs there, like Thompson here, argued that the FDCPA and FCCPA claims did not arise out of (or were not related to) the mortgage and were thus not covered by the waiver. The court responded:

> Here, Plaintiffs' consumer protection claims relate to the mortgage contract. Plaintiffs knowingly and voluntarily waived their right to a jury trial upon signing the mortgage, thereby creating a valid waiver of jury trial. Plaintiffs acknowledge that Defendant's alleged behavior in violation of the FDCPA and FCCPA was due to Plaintiffs' failure to pay as contractually obligated under the same mortgage. Therefore, the dispute giving rise to Plaintiffs' claim exists because of direct relationship with the mortgage which fairly directly relates to contractual performance of the mortgage. Furthermore, there is no concern that Defendant's actions extended beyond the reasonable expectation of the contracting parties, and, therefore, outside the scope of the contract. That a mortgage holder would resort to debt collection practices in order to collect on a debt in default is reasonable . . . .

*Id.* at *2. And second, in *Newton v. Wells Fargo Bank, N.A.*, No. 13-1017, 2013 WL 5854520 (M.D. Fla. Oct. 30, 2013), the plaintiff brought a TCPA claim against her bank alleging unlawful collection efforts. Like *Levinson*, *Newton* also involved a jury trial waiver provision identical to Thompson's. The court found:

5

> [T]he Mortgage is the sole source of the parties' relationship. Moreover, Plaintiff acknowledged that the reason Defendant was placing the alleged illegal telephone calls was to collect a debt. Further, Plaintiff admitted that the debt was the Mortgage with Defendant. The undersigned is satisfied the claims for violations of the TCPA are "a fairly direct result of the performance [or in this case, nonperformance] of contractual duties" [*Byers*, 701 F.3d at 1341], namely, Plaintiff's failure to make his payments pursuant to the Mortgage. Thus, Plaintiff's claims are within the scope of the waiver provision . . . .

*Id.* at *2 (citations omitted).

Thompson, in opposition, cites two other cases from the Middle District of Florida, *Dorn v. Bank of America, N.A.*, No. 12-0510, ECF No. 24 (M.D. Fla. July 23, 2012) (unpublished), and *Jones v. Bank of America, N.A.*, No. 12-0419, 2012 WL 3065381 (M.D. Fla. July 27, 2012), which both found that the defendants had failed to address the scope of the jury trial waivers and denied the motions to strike the waivers. Thompson argues that this Court should adopt the holdings of those cases and find that Vericrest (the only remaining Defendant with standing to invoke the waiver) "has not established how this action 'relates to' the mortgage." *Id.* at 7 (quoting *Dorn*, ECF No. 24) (internal quotation marks omitted).

The Court finds *Dorn* and *Jones* unpersuasive for present purposes and declines to follow them. The court in *Newton* was also asked by that plaintiff to follow those cases; declining to adopt the holding of either, the court stated, "[i]n both cases, the same defendant filed identical two-page motions to strike in which the defendant provided no argument regarding how the plaintiff's debt collection claims related to the mortgage." *Newton*, 2013 WL 5854520, at *2 n.1. In *Jones*, for instance, the defendant cited three cases as authority, each of which discussed only that valid jury trial waivers must be enforced. *See Jones*, 2012 WL 3065381, at *1. However, none of those cited cases addressed the issue of the *scope* of a jury trial waiver, and they did not relate in any way to the jury trial waiver before that court. *Id.*; *see also Dorn*, ECF No. 24 at 2 ("Although the authority that Bank of America cites confirms that a contracting party may waive

6

the right to a jury trial, the authority never discusses the issue in dispute, the proper scope of a waiver."). At bottom, the *Dorn* and *Jones* courts had no reason to find that the respective plaintiffs' claims related to the mortgages because the defendants had provided no authority in support of the proposition that they *were* related. Here, by contrast, the Defendants have provided extensive authority and argument regarding the specific relationship between Thompson's mortgage contract, the jury trial waiver contained therein, and Thompson's federal claims. The Court sees no need to depart from the established authority of *Levinson* and *Newton*, which, read together, squarely place each of Thompson's claims within the scope of identical jury trial waivers. Thompson has provided no cogent reason for the Court to so depart.

Upon review of the pleadings, the Court is satisfied that, for similar reasons to those discussed in *Levinson* and *Newton*, the Defendants have "made a sufficient showing" that the FCCPA, FDCPA, and TCPA claims are, in fact, "in any way" (as that term is interpreted by the Eleventh Circuit) related to the Mortgage. *See Newton*, 2013 WL 5854520, at *2 n.1. Thompson's only relationship to Vericrest is through the Mortgage, and the dispute that gave rise to her claims has its genesis in Vericrest's attempts (through Caliber) to collect a debt from her as a result of her nonperformance of contractual duties established by the Mortgage. *See Byers*, 701 F.3d at 1340-41. Accordingly, the Court finds that Thompson's FDCPA, FCCPA, and TCPA claims fall within the scope of the waiver provision and concludes that the motion to strike the jury trial demand is granted as to Vericrest.

  **C.**   *Request for an Advisory Jury*

Finally, Thompson requests that this Court try this case with an advisory jury. Federal Rule of Civil Procedure 39(c) permits the Court, in an action not triable of right by a jury, to try any issue with an advisory jury. *See* Fed. R. Civ. P. 39(c). In *Omega*, Judge Cohn was faced with a situation similar to the one here, as he had just denied a motion to strike a jury trial demand as

to the loan servicer, who did not have standing to enforce the waiver, and granted the motion as to the owner and successor in interest of the Note, who did. *See* 920 F. Supp. 2d at 1301. Judge Cohn granted the plaintiffs' request for an advisory jury, and ruled that the plaintiffs' claims would be tried together. *Id.* The Court agrees with Judge Cohn's approach and will grant Thompson's request for an advisory jury. At trial, the jury will provide a binding verdict as to all claims against Caliber and will advise the Court as to all claims against Vericrest.

### III.  CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Defendants' Motion to Strike Plaintiff's Jury Trial Demand [ECF No. 22] is **GRANTED** as to Defendant Vericrest Opportunity Loan Trust 2011-NPL2, and **DENIED** as to Defendant Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of January, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE